440 So.2d 473 (1983)
In re the Interest of R.A.L., a Child.
Miriam LEAVITT, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 82-1450.
District Court of Appeal of Florida, Fifth District.
November 3, 1983.
*474 Marcia K. Lippincott, of Marcia K. Lippincott, P.A., Orlando, for appellant.
Douglas E. Whitney, Dist. Counsel, Dept. of Health and Rehabilitative Services, Orlando, for appellee.
DAUKSCH, Judge.
This is an appeal from an order terminating parental rights and permanently committing a child to the custody of the Department of Health and Rehabilitative Services for adoption.
We have examined very closely the evidence of abuse and neglect and conclude that it is sufficient to sustain the findings of the trial judge. We agree with appellant that perhaps some other conclusion and disposition could have been made, but because there is sufficient evidence to support the trial judge's conclusions we affirm the determination that the child is a dependent child as Chapter 39, Florida Statutes, defines that term.
There is no question but that the child was tortured, brutalized and severely injured by the mother's boyfriend while the mother was absent, and that the mother was not attentive enough to the child's welfare. The mother did respond to the child's needs, belatedly, and maybe insufficiently, but this does not ameliorate the disregard she evidenced for the child's welfare by allowing the boyfriend to be near the child, especially unguarded.
However, the trial court erred in committing the child to the custody of the Department of Health and Rehabilitative Services without first considering the statutorily required predisposition report. § 39.408(2), Florida Statutes (1981). We reverse the disposition order and remand this case to the trial court to conduct a de novo disposition hearing after a current predisposition report is prepared, submitted and studied by all parties. In the interest of all concerned we suggest this be done on a priority basis as soon as possible. We note with some concern that this matter has dragged on for an inordinate period of time due solely to the attorneys for both sides having requested extensions of time for the filing of briefs. It has been the custom of this court, and it will continue to be, to expedite appeals in cases such as this if requested to do so by either party; so we were perhaps too liberal in acceding to the requests of counsel when they asked for extensions of time because of "heavy workload."
The dispositional order is reversed and this cause is remanded for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part, and REMANDED.
SHARP, J., and MIZE, Associate Judge, concur.