COBB, Judge.
The Merediths appeal the trial court’s order awarding temporary legal custody to the Smiths based on a finding that their daughter, Denise Meredith, was a dependent and abandoned child, and the trial court’s issuance of an income deduction order. We reverse.
Sixteen-year-old Denise Meredith[1] filed a complaint with the Department of Health and Rehabilitative Services in January, 1986, accusing her mother of abuse. Thereafter, Denise’s parents, Oren and Ramona Meredith, feeling they were unable to control their daughter’s behavior, allowed Denise to live with her married sister and her husband, Dorothy and James Smith. The Merediths and the Smiths entered into a custody agreement on March 4, 1986, providing for Denise to be in the care, custody and control of the Smiths. In October, 1986, the Smiths filed a “Motion for Permanent Custody,” subsequently superseded by an “Amended Petition for Tempo *1388 rary and Permanent Custody,” in the Citrus County Circuit Court. According to the petition, the Smiths filed this proceeding so that Denise could be “included under a policy of insurance for her health and dental care, as well as medical needs and educational requirements.”
After an evidentiary hearing, the trial court entered an order declaring the Smiths’ amended petition to be a misnamed pleading and interpreting it “as a request that the Court take jurisdiction under Chapter 39, Laws of Florida.” The court determined Denise Meredith to be a “dependent child” and to have been “abandoned” by her parents. The Smiths were awarded temporary legal custody of Denise, then seventeen years of age. The Mer-ediths, who were granted visitation rights, were ordered to pay the Smiths child support. The trial court also issued an income deduction order.
This appeal by the Merediths ensued, and the Smiths attempted to have it dismissed by this court as moot when Denise reached her eighteenth birthday. Based upon the argument of the Merediths that the Smiths had been unjustly enriched at their expense “through misuse of the judicial system,” and that “the lower court must not be left believing that judicial power may be freely wielded on whim,” we declined to dismiss.
We cannot agree with the lower court’s finding that Denise was a dependent or abandoned child pursuant to Chapter 39. There are several reasons why the trial court erred by finding that Denise was a dependent child. First, there were no allegations to that effect, contrary to the requirements of Florida Rule of Juvenile Procedure 8.720(a)(1),[2] which provides that “[e]ach petition shall be entitled a petition for dependency and shall allege sufficient facts showing the child to be dependent based upon applicable law.” Here, there are no allegations that Denise was dependent, and no material facts were offered to support such an allegation. In the absence of a petition alleging sufficient facts showing Denise to be dependent, the trial court lacked jurisdiction under section 39.405(7), Florida Statutes (1985), to make a determination of dependency.[3]
Second, the proceedings below did not comply with the procedural mandates of Chapter 39, Florida Statutes, in several respects. In the present case, an arraignment hearing was required under section 39.408(l)(b), Florida Statutes (1985). No such hearing was held. Also, when a parent denies any of the allegations of dependency, the trial court is required to “hold an adjudicatory hearing within a reasonable time from the date of the arraignment hearing.” § 39.408(l)(b), Fla.Stat. (1985). A hearing was held, but the notice of hearing stated that the hearing was to be on the motion for temporary custody. The notice of a hearing on a motion for temporary custody cannot be treated as equivalent to a notice of hearing on an adjudicatory hearing concerning dependency.
Likewise, a disposition hearing was never held pursuant to section 39.408(3). At the disposition hearing, if the trial court finds that the facts alleged in the petition for dependency were proven in the adjudicatory hearing, it is required to receive and consider a predisposition study prepared by HRS; here, a predisposition study was not prepared. In In Interest of R.A.L., 440 So.2d 473 (Fla. 5th DCA 1983), this court determined that the trial court erred in committing a child to the custody of HRS without first considering the statutorily required predisposition report. Hence, it was error, in the present case, to award temporary custody of Denise to the Smiths without the predisposition report.
*1389 Moreover, in accordance with section 39.-404(4), Florida Statutes (1985), “the state attorney or the attorney designated by the state attorney shall represent the state in any proceeding in which the petition alleges dependency whenever a party denies the allegations of the petition and contests the adjudication.” See also Padgett v. Pettis, 445 So.2d 633 (Fla. 1st DCA 1984), cause dismissed, 450 So.2d 487 (Fla.1984) (the state must be made a party to any Chapter 39 petition that is contested). The Mere-diths denied the allegations in the amended petition by filing a motion to dismiss, in which they specifically stated that “[the Smiths] make no allegations leading the Court to believe the minor child is, or even might be, a delinquent, dependent, abused, abandoned, or neglected child within the intent, meaning or definition of Chapter 39, Florida Statutes.” (Emphasis added.) However, in the present case, the state was not made a party.
In summary, the Smiths filed an amended petition seeking custody of Denise based on the agreement they entered into with the Merediths. The trial court made a determination that Denise was a dependent child in the absence of any allegations directed to that issue and without complying with the mandates of Chapter 39, Florida Statutes. Accordingly, the finding of dependency and the award of temporary custody to the Smiths on that basis is reversed.[4]
Furthermore, the trial court erred in determining that Denise was abandoned. Section 39.01(1), Florida Statutes (Supp. 1986), defines “abandoned” as follows:
‘Abandoned’ means a situation in which the parent or legal custodian of a child or, in the absence of a parent or legal custodian, the person responsible for the child’s welfare, while being able, makes no provision for the child’s support and makes no effort to communicate with the child, which situation is sufficient to evince a willful rejection of parental obligations. If the efforts of such parent or legal custodian, or person primarily responsible for the child’s welfare to support and communicate with the child are, in the opinion of the court, only marginal efforts that do not evince a settled purpose to assume all parental duties, the court may declare the child to be abandoned. The failure by any such person to appear in response to actual or constructive service in a dependency proceeding shall give rise to a rebuttable presumption of such person’s ability to provide for and communicate with the child.
In the present case, Denise was living with the Smiths, pursuant to the written agreement, because it was believed by all concerned that it was in her best interest to do so. The Merediths have maintained active communication with Denise by telephone and in person, and they have offered Denise the opportunity to return to their home, to help her with her college tuition, and to give Denise her car back when she demonstrates responsibility. Since March, 1986, the Merediths have furnished the Smiths with $3,312 for Denise’s support. There was no clear and convincing proof of abandonment, as required by section 39.-41(l)(f)3, Florida Statutes (1985); thus, the trial court abused its discretion in finding abandonment.
We also agree with the Merediths that the trial court erred in entering an income deduction order because, except when a valid order is entered under section 39.41, child support orders are not authorized under Chapter 39. Because of our *1390 determination that the order, which awarded temporary custody and found Denise to be dependent and abandoned, must be reversed, we also reverse the income deduction order.
REVERSED.
DAUKSCH and COWART, JJ., concur.

. Denise became eighteen on March 4, 1987.

. Florida Rule of Juvenile Procedure 8.720(a)(1) comes under the Dependency Proceedings section.

. Appellees also failed to comply with section 39.403(1), Florida Statutes (1985), which states that "a complaint alleging that a child is dependent shall be made to the intake office operating in the county in which the child was found or in which the case arose.”

. It should also be noted that in its order, the trial court stated:
3. In accordance with Florida Statutes 39.-11, as well as the inherent power of the Court to protect a minor child in time of need, this Court herein places temporary legal custody of DENISE MARIE MEREDITH with JAMES SMITH and DOROTHY SMITH, until further order of this Court.
Section 39.11 deals with delinquency proceedings, and the trial court was most probably referring to section 39.41, which deals with dependency proceedings.