595 So.2d 62 (1991)
IN the INTEREST OF D.P. a/k/a D.B., A.F. and A.F., all children.
No. 91-1750.
District Court of Appeal of Florida, First District.
December 3, 1991.
On Motion for Clarification March 24, 1992.
Floyd A. Griffith, Marianna, for appellants.
Peggy Sanford, Marianna, for appellee.
SHIVERS, Judge.
Appellants, Barbara and Clarence Fitts, appeal the trial court's order terminating parental rights with regard to their minor children. We reverse and remand for the reasons set out below.
The record on appeal indicates that a dependency petition was filed on March 3, 1989 with regard to D.P. (born December 9, 1985), and twins A.F. and A.F. (born December 20, 1988). While appellant Barbara Fitts is the mother of all three children, Clarence Fitts is the father of A.F. and A.F. and Danny Bradford is the father of D.P. Bradford is not a party to this appeal. A hearing was conducted on May 2, 1989, at which Barbara and Clarence Fitts were both present. A notice of appearance filed May 2, 1989 indicates that Clarence Fitts was represented by attorney William R. Garrett at the hearing; however, there is nothing in the record to suggest that Barbara Fitts was represented by counsel. The trial court entered an order on May 3, 1989, finding all three children to be dependent and the children were subsequently *63 placed in foster care. The May 2, 1989 hearing was not recorded, and the dependency proceedings were not appealed.
On September 5, 1990, the Department of Health and Rehabilitative Services (Department) filed a petition for termination of parental rights with regard to all three parents and all three children, alleging that Barbara and Clarence Fitts had failed to substantially comply with the terms of a performance agreement, and that Danny Bradford had abandoned D.P. by failing to provide financial support or to communicate with the child since his birth. On October 5, 1990, the court entered an order finding Barbara and Clarence Fitts to be indigent, and appointing attorney Floyd Griffith to represent them "in all matters in the above cause." A similar order was entered on the same date with regard to Bradford, appointing attorney Frank Bondurant.
On January 17, 1991, the Department filed an affidavit of diligent search as to Clarence and Barbara Fitts, stating that both were believed to be residing in Selma, Alabama but could not be located. Consequently, the Fittses were given notice of a February 15, 1991 hearing on the petition to terminate, by publication of a notice of hearing in the "Jackson County Floridan" on January 22, 1991, January 29, 1991, February 5, 1991, and February 12, 1991. Both attorneys Bondurant and Griffith were present at the February 15, 1991 hearing, but neither Bradford nor the Fittses appeared. After finding that the Fittses had failed to comply with the terms of the performance agreement or the permanent placement plan, and that Bradford had abandoned D.P., the court terminated their parental rights to all three children. The order contained a specific finding that Bradford and the Fittses had been represented by attorneys "throughout the termination of parental rights and guardianship proceedings." The order also contained a paragraph indicating that the Fittses' attorney had filed a motion to dismiss "based on insufficiency of the process based on publication and unconstitutionality of the statute allowing constructive service in this proceeding;" however, the order did not contain a specific ruling on the motion to dismiss. Although the termination hearing was recorded, the tape was apparently lost. Therefore, the record on appeal does not contain a transcript of that hearing.
On May 6, 1991, the Fittses, through attorney Griffith, filed a motion for rehearing, arguing that Barbara Fitts had not received actual notice of the February 15, 1991 hearing, and had contacted her attorney for the first time on March 8, 1991. The motion alleged that both parents had spent "considerable time" before the hearing in a V.A. Hospital in Tuskegee, Alabama "as a result of their mental conditions," and that they were prepared to show that they had been unable to maintain contact with the children or to comply with the performance agreement due to circumstances beyond their control. The motion was denied. The Fittses now appeal, arguing that the notice by publication was not timely, and that the court did not specifically find, in its termination order, that they were notified of their right to counsel in the original dependency proceeding. We reverse on both points.
Section 39.462, Florida Statutes (1989) provides, in part, as follows:
(1) Before the court may terminate parental rights, in addition to the other requirements set forth in this part, the following requirements shall be met:
(a) Notice and copy of the petition shall be personally served upon the following persons, specifically notifying them that a petition has been filed:
1. The mother of the child.
2. The father of the child... .
... .
(b) In the event a person required to be served with notice in the manner prescribed in paragraph (a) cannot be served, notice of hearing shall be given as prescribed by the rules of civil procedure, and service of process shall be made as specified by law or civil actions. (emphasis supplied)
The law for service of process by publication set out in Chapter 49 provides, in section 49.08, Florida Statutes (1989), that a *64 plaintiff is entitled to have issued a "notice of action" which shall set forth, among other things, the names of the defendants, the nature of the action or proceeding, and the name of the court in which the action or proceeding has been instituted. According to section 49.09, the notice of action:
shall require defendant to file his written defenses with the clerk of the court and to serve a copy not later than the date fixed in said notice, which date shall be not less than 28 nor more than 60 days after the first publication of the notice on plaintiff or his attorney whose name and address shall appear in, or be annexed to, said notice.
Although parents in termination proceedings are not technically required to file written defenses in the form of an answer to the petition, the parents' last opportunity to deny the allegations in a petition for termination is at the termination hearing itself. Section 39.463, Florida Statutes. We therefore find it appropriate to apply the 28-day minimum set out in section 49.09 to require publication of the notice of hearing no less than 28 days prior to the termination hearing, thereby assuring that the parents have had time to contact their attorneys and to prepare for the hearing. It is clear that the statute was not followed in the instant case, since the first date of publication occurred 24 days prior to hearing, and the fourth publication occurred only three days prior to hearing. While we take note of the Department's concerns regarding the need for finality in termination proceedings, we are equally concerned with insuring that parents be given full opportunity to appear at proceedings which will forever terminate their parental rights with regard to their children. We therefore reverse the order terminating parental rights, and remand for the parents to be given a second opportunity, in compliance with the above statutes, to appear at the termination hearing.
Reversal is required on the second issue as well. Under section 39.467(2), Florida Statutes (1989), the court must, in order to terminate parental rights, find that a number of elements have been established by clear and convincing evidence. One of these elements, set out in section 39.467(2)(c)1, Florida Statutes, is that "the parent was informed of his right to counsel in the dependency proceeding pursuant to the Florida Rules of Judicial Procedure." (e.s.) See Belflower v. Department of Health and Rehabilitative Services, 578 So.2d 827 (Fla. 5th DCA 1991). While the record indicates that both Barbara and Clarence Fitts were present at the May 2, 1989 dependency hearing, and that Clarence Fitts was represented by attorney Garrett, the record does not specifically establish that Barbara Fitts was represented by counsel, or that either parent was informed of the right to counsel in the dependency proceeding, as required by statute. The court is therefore directed, on remand, to make a specific finding as to whether the Fittses were properly advised, in accordance with section 39.467(2)(c)1, Florida Statutes. We note that, if they were not properly advised, the adjudication of dependency may still stand, but will be defective as a basis for termination of parental rights. Belflower v. Department of Health & Rehabilitative Services, supra.
REVERSED and REMANDED.
ZEHMER and MINER, JJ., concur.
ON MOTION FOR CLARIFICATION
SHIVERS, Judge.
On December 3, 1991, this court issued an opinion reversing the trial court's order terminating parental rights of Barbara and Clarence Fitts with regard to their minor children. We remanded for the parents to be given a second opportunity to appear at a termination hearing, in compliance with the requirements for notice of hearings in § 39.462(1), Florida Statutes (1989), and for service of process by publication in § 49.08, § 49.09, and § 49.10, Fla. Stat.
As to the notice requirements prior to a termination hearing, our prior opinion states:
We therefore find it appropriate to apply the 28-day minimum set out in section 49.09 to require publication of the notice *65 of hearing no less than 28 days prior to the termination hearing, thereby assuring that the parents have had time to contact their attorneys and to prepare for the hearing.
Id., at 64 (emphasis supplied). In the motion for clarification filed by the appellee, State of Florida, Department of Health and Rehabilitative Services, we are urged to clarify whether the underscored quoted reference to "publication" refers to the "first publication," as the term is used in § 49.09, Fla. Stat., or to the completed publication process, which is "four consecutive weeks," pursuant to § 49.10, Fla. Stat. We clarify our prior opinion and state that the 28-day minimum set out in § 49.09 requires first publication of the notice of hearing no less than 28 days prior to the termination hearing.
ZEHMER and MINER, JJ., concur.