ALLEN, Judge.
The appellant challenges an order in which the trial court determined that his children were dependent and directed the Department of Health and Rehabilitative Services (the department) to file a petition to terminate his parental rights. Concluding that two of the points raised by the appellant have merit, we reverse the order in part and remand for further proceedings.
Alleging that the appellant’s children had been emotionally abused, the department filed a petition requesting an adjudication that the children are dependent as defined in chapter 39, Florida Statutes (1991). At the conclusion of the hearing on the petition, the trial court entered an order finding, by clear and convincing evidence, that both parents were guilty of “egregious emotional abuse” of the children pursuant to section 39.464(4), Florida Statutes.[1] The court directed the department to file a petition to terminate the appellant’s parental rights within sixty days and placed the children with the mother under the department’s supervision. The court’s order also provides: “At the hearing to terminate [the appellant’s parental rights] HRS need only to prove the manifest best interest of the children, the conditions of 39.464(4) having previously been fulfilled.”
The appellant correctly argues that the trial court has, without prior notice to him, endeavored to relieve the department of its obligation to prove each of the *972 elements required by section 39.467, Florida Statutes, for a termination of parental rights. The court attempted to narrow the focus of the issues at the upcoming termination proceeding by making, in advance, its finding that a basis for termination of the appellant’s parental rights exists. That attempt to shortcut the proof required at the upcoming termination hearing far exceeded the limited authority given trial judges in Rule 8.330(a), Florida Rules of Juvenile Procedure, and it effectively deprives the appellant of his right to a full and fair termination hearing. When served with the dependency petition, the appellant had no way of knowing that grounds for a termination of his parental rights would be at issue at the hearing. Until receipt of the court’s order, he had no reason to believe that he needed to defend an allegation supporting a termination of his parental rights. Accordingly, we reverse those portions of the order finding the abuse to be “egregious” and providing that egregious abuse has been satisfactorily proved for purposes of a future hearing relating to termination of the appellant’s parental rights. Prior to any termination of his parental rights, the appellant is entitled to the process set out in section 39.462, Florida Statutes, and, at the termination hearing, he is entitled to have all of the elements specified in subsection 39.467(3), Florida Statutes, proved by clear and convincing evidence.
We also find error in that portion of the court's order directing that the children be returned to the custody of the mother. In effect, the court considered the disposition issue at the dependency hearing and placed the children accordingly, without the benefit of the predisposition study required by section 39.408(3), Florida Statutes. We therefore reverse that portion of the order which places the children with the mother and we remand this cause to the trial court to reconsider the disposition issue. See In Interest of R.A.L., 440 So.2d 473 (Fla. 5th DCA 1983). In order to avoid a potentially unnecessary disruption of the status quo, the trial court is authorized to temporarily leave the appellant’s children in the custody of their mother, pending expeditious receipt and consideration of a predisposition study.
The appellant’s remaining arguments are without merit. Accordingly, except as otherwise provided herein, the appealed order is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
SMITH and BARFIELD, JJ., concur.

. Section 39.464(4), Florida Statutes, provides in relevant part:
The department, ... may petition for the termination of parental rights under any of the following circumstances:
(4) EGREGIOUS ABUSE. — The parent or parents have engaged in egregious conduct that endangers the life, health, or safety of the child or sibling, or the parents have had the opportunity or capability to prevent egregious conduct that threatened the life, health, or safety of the child or sibling and have knowingly failed to do so.... For the purposes of this subsection, "egregious abuse” means conduct of the parent or parents that is deplorable, flagrant, or outrageous a normal standard of conduct. “Egregious abuse" may include an act or omission that occurred only once, but was of such intensity, magnitude, or severity as to endanger the life of the child.