605 So.2d 1340 (1992)
In the Interest of S.N.D. and J.D., Children.
S.D., father, Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH and REHABILITATIVE SERVICES, Appellee.
No. 92-00017.
District Court of Appeal of Florida, Second District.
October 16, 1992.
Byron P. Hileman, Winter Haven, for appellant.
Roland Reis, Bartow, for appellee.
LEHAN, Chief Judge.
An indigent father of two minor children appeals from the trial court's order of adjudication of dependency and protection services supervision. He concedes that he initially waived his right to counsel but contends that the trial court erred in failing to make a renewed offer of assistance of counsel at the disposition hearing. That hearing resulted in the order which included the requirement that the children "shall be placed in the legal custody of the paternal aunt and uncle ... until further order of the Court or until each child dies, marries, or reaches the age of 18 years."
We agree with his contention. We need not determine whether, as he argues, he in effect made a request for the assistance of counsel at the disposition hearing. Under Florida Rule of Juvenile Procedure 8.320(b)(3), "If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel." There was no such renewal in this case. See Staley v. Dept. of Health and Rehabilitative Services, 528 So.2d 505 (Fla. 2d DCA 1988).
Reversed and remanded for the renewed offer of assistance of counsel referred to above.
SCHOONOVER and FRANK, JJ., concur.