608 So.2d 548 (1992)
IN the INTEREST of M.R.L.
No. 92-0382.
District Court of Appeal of Florida, Fourth District.
November 18, 1992.
*549 Kim A. Marjenhoff, Special Public Defender, Fort Lauderdale, for appellant, Natural Mother.
Sondra R. Schwartz, Fort Lauderdale, for appellee, Dept. of Health and Rehabilitative Services.
PER CURIAM.
The trial court entered a final judgment terminating the parental rights of the natural parents of M.R.L. and committing the minor child to the custody of the Department of Health and Rehabilitative Services for the purposes of subsequent adoption. Appellant, the natural mother, has filed an appeal of the judgment, but the natural father has not.
After review of the record and applicable authorities we agree with appellant that the trial court erred in terminating her parental rights for alleged abandonment, neglect and failure to comply with a permanent placement plan. See § 39.464, Fla. Stat. (1991); Meredith v. Smith, 515 So.2d 1386 (Fla. 5th DCA 1987); In the Interest of B.W., 498 So.2d 946 (Fla. 1986).
Although there was substantial competent evidence to support findings that appellant left her child with friends for several months and that H.R.S. was unable to locate appellant during that time, appellant's testimony that she knew her friends would take good care of the child, as well as her testimony that she unsuccessfully attempted to retrieve the child, frequently attempted to communicate with the child and contributed at least minimally to the support of the child, was unrefuted. Also, appellant had no meaningful opportunity to comply with a permanent placement plan when she first learned of the plan only three days before the tasks required of her by the plan were to be completed.
Accordingly, we reverse and remand the final judgment insofar as it terminated appellant's parental rights, with instructions to require H.R.S. to give appellant an opportunity to work towards reunification pursuant to a performance agreement, while the child remains in foster care. This decision does not prevent future proceedings to terminate appellant's parental rights if such proceedings are warranted.
The final judgment is affirmed insofar as it terminated the father's rights. See In the Interest of G., 592 So.2d 778 (Fla. 4th DCA 1992).
GLICKSTEIN, C.J., HERSEY, J., concur.
FARMER, J., dissents without opinion.