622 So.2d 1102 (1993)
IN the Interest of D.F., K.W., and T.W., all children.
Nos. 92-3529, 92-3389.
District Court of Appeal of Florida, First District.
August 10, 1993.
Mary Ann Shepard, Program Atty., Guardian ad Litem Program, Lake City, for appellant.
*1103 Carl S. New, Dept. of Health and Rehabilitative Services, amicus curiae.
PER CURIAM.
In these consolidated appeals we review the trial court's order finding Section 39.464(4), Florida Statutes, unconstitutional for lack of procedural due process for: (1) failure to require the petitioner to plead egregious abuse in the original dependency petition; (2) failure to require appointment of counsel at the original dependency arraignment alleging egregious abuse. We reverse and remand.
In a dependency petition filed August 14, 1991, the Department of Health and Rehabilitative Services (HRS), alleged as a basis for a finding of dependency that the children, D.F., K.W., and T.W., had been "emotionally abused." A hearing was held on October 2, 1991, present at which were the father and paternal grandmother, the mother, the guardian ad litem, and the HRS. All parties except the mother were represented by counsel. After the hearing the trial court issued an order finding "by clear and convincing evidence that egregious emotional abuse of these children has been perpetrated ... pursuant to Florida Statutes 39.464(4)," adjudicating the children dependent by reason of "egregious emotional abuse," and directing HRS to file a petition for termination of the parental rights of the father as to his two children, K.W. and T.W. The trial court's order further provided that at the hearing on the petition for termination of parental rights, "HRS need only to prove the manifest best interest of the children, the conditions of 39.464(4) having previously been fulfilled."
The father took an appeal of the trial court's order. See In the Interest of D.F., K.W., T.W., 602 So.2d 970 (Fla. 1st DCA 1992). Our prior opinion held that the dependency petition failed to place the father on notice that grounds for termination of parental rights would be at issue at the dependency hearing. Although "egregious abuse" constitutes grounds for filing of a petition for termination of parental rights under Section 39.464(4), Florida Statutes,[1] the dependency petition in this case merely alleged "emotional abuse," rather than egregious emotional abuse. Therefore, the dependency petition failed to state an allegation sufficient under Section 39.464(4) to support termination of parental rights pursuant to Section 39.467(3), Florida Statutes.[2] Accordingly, our prior opinion reversed those portions of the order finding the abuse to be "egregious" and providing that egregious abuse has been satisfactorily *1104 proved for purposes of a future termination of parental rights hearing, and remanded the case for further proceedings.
On remand, the trial court properly noted that our decision was based on due process grounds. The trial court, however, further concluded that our opinion compelled the conclusion that Section 39.464(4), Florida Statutes, was unconstitutional. The trial court erred in this regard.
Crucial to the due process considerations raised in these proceedings is Florida Rule of Juvenile Procedure 8.330(a), which provides that an adjudicatory hearing shall be provided wherein the court shall determine whether the allegations of a dependency petition have been sustained by a preponderance of the evidence. Rule 8.330(a) further provides, however, that the trial court shall have the option of entering an order finding that the allegations of the dependency petition have been sustained by clear and convincing evidence. The Committee Note to the Rule informs us that the court has been given the option of making its findings based on a higher burden of proof to eliminate the need for a repetitive hearing on the same evidence if a petition for termination of parental rights is filed.[3] Thus, the Rule recognizes that if a trial court finds at a dependency hearing clear and convincing proof that a parent has committed "egregious abuse," such a finding may suffice (along with proof of the remaining elements of Section 39.467, Florida Statutes) to support termination of parental rights at a subsequent proceeding. The due process concern created by the application of this Rule arises from the fact that the parent or parents will not know whether the finding of "egregious abuse" has been sustained by a preponderance of the evidence or clear and convincing evidence until after the dependency hearing has concluded. Therefore, whenever "egregious abuse" is alleged as a basis for a petition for dependency, the parents should be specifically placed on notice that facts have been alleged which, if found by clear and convincing evidence, could serve as partial grounds for the termination of parental rights. In the instant case, not only was such notification lacking, but the dependency petition itself was deficient for failure to clearly allege "egregious abuse." Thus, in the instant case, the trial court impermissibly found "egregious emotional abuse" proven by clear and convincing evidence where, at most, he could find only "emotional abuse" proven by clear and convincing evidence. Since a finding of "emotional abuse" would be insufficient to constitute "egregious abuse" under Section 39.464(4), such a finding would also be insufficient to satisfy Section 39.467(3)(b)2. at a subsequent termination of parental rights proceeding.
It does not follow that our prior opinion compelled the conclusion that Section 39.464(4), Florida Statutes is unconstitutional. Rather, it is our duty and obligation to interpret the statute so as to preserve its constitutionality. First, the statute is not unconstitutional for failure to require HRS to specifically plead "egregious abuse" in the original dependency petition. In fact, HRS may plead any basis sufficient to support an adjudication for dependency. If HRS does not anticipate that a particular case will proceed to termination proceedings, nor wish to institute termination proceedings, any statutory requirement that HRS plead "egregious abuse" would be not only wasteful but abusive. Next, in an instance where HRS alleges a ground sufficient to support termination of parental rights pursuant to Section 39.464(4), the dependency petition must specifically apprise the parents that the factual allegations of the petition, if proven by clear and convincing evidence, may be used as grounds for termination of parental rights at a subsequent termination proceeding, pursuant to Section 39.467(3).
In light of the above discussion, whenever a dependency petition states a *1105 Section 39.464(4) ground for a finding of dependency there will always exist a potential for the ultimate termination of parental rights. Therefore, the parents' right to counsel at the dependency stage of the proceedings must be zealously guarded. In fact, Florida law addresses such due process considerations by providing that parents be informed of a right to counsel at each stage of a dependency proceeding. § 39.048(2)(a); Fla.R.Juv.P. 8.320; In the Interest of S.N.D. and J.D., 605 So.2d 1340 (Fla. 2d DCA 1992); In the Interest of D.P., 595 So.2d 62, 64 (Fla. 1st DCA 1991). In In the Interest of D.B. and D.S., 385 So.2d 83, 91 (Fla. 1980), the supreme court stated that "counsel will always be required where permanent termination of custody might result." In any Section 39.464(4) dependency proceeding, the finding of "egregious abuse" may serve as a basis for the permanent termination of parental rights at a subsequent proceeding due to the operation of Florida Rule of Juvenile Procedure 8.330(a). Therefore, we perceive each dependency petition alleging "egregious abuse" to represent a potential for the permanent termination of parental rights. Accordingly, we hold that where a dependency petition states a Section 39.464(4) ground for an adjudication of dependency, the petition itself must apprise the parents of the right to counsel and, if indigent, the right to court appointed counsel. Furthermore, at each stage of the dependency proceeding, where a Section 39.464(4) ground is alleged, the trial court shall also advise the parents that a factual basis is alleged which, if proven by clear and convincing evidence, may provide a partial basis for the termination of parental rights at a subsequent proceeding. The trial court shall then also advise the parents of the right to counsel and, if indigent, the right to court appointed counsel. These procedures are necessary to insure that if the right to counsel is waived, such waiver is made knowingly, intelligently and voluntarily as required by Section 39.467(3)(c)3.
We find Section 39.464(4), Florida Statutes, to be constitutional. If the HRS wishes to pursue termination proceedings against the father in this case, it may file an amended dependency petition alleging a Section 39.464(4) basis for termination. Alternatively, since under Section 39.464(4) the HRS need not offer a performance agreement prior to the filing of a petition for termination of parental rights, the department may file an original petition for the termination of parental rights, alleging a Section 39.464(4) basis for termination. If the state chooses the latter alternative, however, HRS will be required to litigate the allegation of "egregious abuse," as the father was not previously on notice of a charge adequate to support termination of parental rights, and the trial court will be instructed that his prior findings with respect to abuse are to be given no evidentiary value.
REVERSED and REMANDED for further consistent proceedings.
ERVIN, MINER and WOLF, JJ., concur.
NOTES
[1] Section 39.464(4), Florida Statutes, provides in relevant part:

The department, ... may petition for the termination of parental rights under any of the following circumstances:
(4) EGREGIOUS ABUSE.  The parent or parents have engaged in egregious conduct that endangers the life, health, or safety of the child or sibling, or the parents have had the opportunity and capability to prevent egregious conduct that threatened the life, health, or safety of the child or sibling and have knowingly failed to do so... . For the purposes of this subsection, "egregious abuse" means conduct of the parent or parents that is deplorable, flagrant, or outrageous by a normal standard of conduct. "Egregious abuse" may include an act or omission that occurred only once, but was of such intensity, magnitude, or severity as to endanger the life of the child.
[2] Section 39.467, Florida Statutes, provides in relevant part:

(3) The determination of the court regarding termination of parental rights shall be based upon its finding that the following is proven by clear and convincing evidence:
(a) The child was adjudicated dependent pursuant to s. 39.409; and
(b)1. A disposition order was entered pursuant to s. 39.41;
2. Any of the elements of s. 39.464 is met; or
3. The persons served with notice under s. 39.462 fail to respond to the notice as provided in s. 39.462(1)(d); and
(c)1. The parent was informed of his right to counsel in the dependency proceeding pursuant to the Florida Rules of Juvenile Procedure;
2. The parent was informed of his right to counsel after the filing of the petition to terminate parental rights including the right of an indigent person to be represented by court appointed counsel; and
3. The parent made a knowing, intelligent, and voluntary waiver of the right to counsel if the parent is not represented subsequent to the filing of a petition to terminate parental rights, ...
(emphasis added).
[3] We note our prior opinion in In the Interest of G.H. III, 617 So.2d 422 (Fla. 1st DCA 1993) (on motion for rehearing), holding that although the state may rest on a finding of "egregious abuse" by clear and convincing evidence to support termination of parental rights, such does not preclude the parents from presenting evidence at the termination hearing.