SCHEB, John M., (Senior) Judge.
The trial court rendered an order on February 23, 1999, approving a stipulation between the appellant/father, B.S., and the Department of Children and Family Services concerning a dependency petition involving B.S.’s children. At the hearing on the stipulation, the trial court did not inform B.S. of his right to counsel and no waiver of counsel was filed although B.S. had expressed the desire to consult with counsel.
■ In his motion for rehearing filed the following day, B.S. requested the trial court set aside the order approving the stipulation and appoint counsel. He failed to attend the March 30, 1999, hearing on his motion for rehearing, and the court denied his motion. On May 6, 1999, the court denied as untimely another motion for rehearing filed by B.S.
B.S. filed a timely motion under Florida Rule of Juvenile Procedure 8.140(a)(1) seeking relief from the order denying his motion for rehearing of the order entered February 23, 1999. He reiterated his desire to have counsel appointed to represent him. On May 5, 1999, the trial court denied B.S.’s request, and on June 2, 1999, B.S. filed a timely notice of appeal from the denial of his request for relief from the judgment.
It would serve no useful purpose to chronicle the details of the many problems and excuses B.S. alleged for his failure to attend the hearing set by the court on his motion for rehearing of the February 23, 1999, order. Rather, the core problem here is that the record reveals the trial court failed to comply with Florida Rule of Juvenile Procedure 8.320 which makes elaborate provision for appointment of counsel and for procedures concerning waiver of counsel. Commendably, the Department of Children and Family Services concedes that because the trial court did not appoint counsel, it may have denied B.S. due process of law and should have granted his motion seeking relief from the February 23,1999, order.
Accordingly, we vacate the order denying relief from judgment and direct the trial court to comply with rule 8.320 concerning appointment of counsel and, thereafter,, to rehear the father’s motion for rehearing directed to the February 23, 1999, order.[1]
BLUE, A.C.J., and WHATLEY, J., concur.

. In addition to Florida Rule of Juvenile Procedure 8.320, we commend to the trial court's attention:. In the Interest of R.K., 535 So.2d 312 (Fla. 2d DCA 1988), and In the Interest of S.N.D., 605 So.2d 1340 (Fla. 2d DCA 1992).