993 So.2d 1070 (2008)
H.D., Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 1D07-5343.
District Court of Appeal of Florida, First District.
June 24, 2008.
Michael R. Reiter, Lynn Haven, for Appellant.
Adrienne C. Rodgers, Senior Attorney, Department of Children and Family Services, Panama City, for Appellee.
*1071 Ama N. Appiah, Appellate Counsel, Guardian ad Litem Program, Orlando, Counsel for Guardian ad Litem Program.
PER CURIAM.
Appellant seeks review of a final order terminating her parental rights as to her two children based on the determination that she "ha[d] failed to substantially comply with [her] case plan within twelve (12) months after the children were adjudicated dependent and placed in shelter care...." She contends that the order must be reversed because the Department of Children and Family Services did not present competent substantial evidence that it took meaningful steps to assist her in completing the tasks set out in her case plan. We agree.
Section 39.806(1)(e)1, Florida Statutes, states that failure substantially to comply with one's case plan may not be treated as evidence of continuing abuse, neglect or abandonment for purposes of termination of parental rights if such failure is attributable to the Department not making a reasonable effort to reunify the parent and children. § 39.806(1)(e)1, Fla. Stat. (2007). See In the Interest of G.R.S., 647 So.2d 1025, 1027 (Fla. 4th DCA 1994) (citing Padgett v. Dep't of Health & Rehab. Servs., 577 So.2d 565 (Fla.1991) and In the Interest of M.R.L., 608 So.2d 548 (Fla. 4th DCA 1992)). As was true in G.R.S., so here the record demonstrates that the Department's efforts to reunify appellant with her children by assisting her in the completion of the tasks assigned in her case plan were at the beginning half-hearted at best, and later nearly non-existent. Termination for failure substantially to comply with a case plan "is improper when the Department has failed to make diligent efforts to assist the parent in meeting the goals of the case plan...." T.H. v. Dep't of Children & Family Servs., 979 So.2d 1075, 1083 (Fla. 2d DCA 2008) (citations omitted). Here, even without any meaningful help from the Department, appellant was able to accomplish a number of the assigned tasks.
Because the Department did not present competent substantial evidence demonstrating that it had offered any meaningful assistance designed to help appellant accomplish the tasks set out in her case plan, we reverse. As in T.H., on remand, we direct that appellant be afforded a reasonable time within which to complete the tasks set out in her case plan, with meaningful assistance from the Department.
REVERSED and REMANDED, with directions.
BARFIELD, WEBSTER, and LEWIS, JJ., concur.