447 So.2d 1043 (1984)
Horace CALLINS, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-635.
District Court of Appeal of Florida, Third District.
April 10, 1984.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calvin Fox, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., DANIEL S. PEARSON, J., and M. IGNATIUS LESTER, Associate Judge.
PER CURIAM.
We affirm the judgments of conviction and sentences entered upon the defendant's nolo contendere plea reserving his right to appeal the denial of his motion for discharge.
On October 30, 1981, the defendant, then a juvenile, was arrested for burglary and grand theft. Shortly thereafter, the Public Defender was appointed to represent him. On December 3, 1981, the defendant failed to appear for a scheduled hearing in the juvenile court and a pick-up order issued. About a year later, the defendant was located and brought before the court. After his case was transferred to the Criminal Division of the Circuit Court for prosecution as an adult, the defendant moved for discharge on the ground that his right to speedy trial under Florida Rule of Criminal Procedure 3.191 had been violated.
Relying on L.G. v. State, 405 So.2d 252 (Fla. 3d DCA 1981), the defendant contends that since his only non-appearance was at a hearing in Juvenile Court, the State's failure to establish that he, rather than his counsel, was notified of this hearing is fatal to the State's effort to show the defendant's *1044 non-availability for trial. Although it is true L.G. held that the general rule that notice to counsel is the equivalent of notice to the defendant, see Sherrod v. Franza, 427 So.2d 161 (Fla. 1983); State v. Grooms, 389 So.2d 313 (Fla. 2d DCA 1980), is inapplicable to juvenile adjudication hearings by virtue of former Florida Rule of Juvenile Procedure 8.190(a), which expressly required the juvenile to be noticed by summons of the adjudication hearing, we find L.G. inapposite to the case at bar, because, first, the hearing at which the defendant did not appear was not an adjudicatory hearing; and, second, after January 1, 1981, the effective date of the amendment to Rule 8.190(a), notice by summons was not a requirement of the rule. See In re Florida Rules of Juvenile Procedure, 393 So.2d 1077 (Fla. 1980). Thus, the rule that notice to defense counsel is imputed to the defendant controls here, and the defendant's non-appearance after notice to counsel was sufficient evidence that he was not continuously available for trial so as to warrant the denial of his motion for discharge. The defendant's remaining point on appeal is without merit. See Dixon v. State, 451 So.2d 485 (Fla. 3d DCA 1984).
Affirmed.