DAUKSCH, Judge.
This is an appeal from an order terminating parental rights and permanently committing a child to state custody for adoption. The points on appeal are that the court erred in denying the mother’s motion for continuance and that the evidence was insufficient to support the order. Because we agree the court erred in refusing to grant the continuance and remand this matter for a new hearing the sufficiency question is moot.
Although we readily concede a trial court has broad discretion in deciding how to run its docket and when to grant continuances we find an abuse of discretion in this case.
On January 24, 1984, counsel was appointed for the mother and the trial was scheduled for February 23, 1984. On February 17, 1984 and at the beginning of the hearing the court denied the mother’s motions for a postponement of the final hearing. The first motion was made because counsel had not completed preparation and the second was made on that basis and because the mother did not show up for the final hearing. The record does not reflect the reason the mother failed to appear.
After his appointment on January 24, 1984, appellant’s counsel requested discovery from the state. He made the request on February 10, 1984 and the response was sent on February 14, 1984. As can be readily seen, appellee responded quite quickly in order to assist appellant to be ready for the hearing. Because the hearing was scheduled only one month after the appointment of counsel and because appointed counsel did not immediately begin all-out preparation for the hearing we find the mother’s rights were sufficiently abused so as to require a new, complete hearing. We hasten to add it is very difficult for a lawyer to be appointed to a case and then completely prepare a defense in only thirty days, especially in a case as serious as this. By the same token, the past behavior of the mother and the fact that she did not appear at the final hearing would at first impression appear to justify the denial of the continuance. However, when all record factors are considered we must determine it was error not to grant the continuance. This case is decided on its own facts and should not be read to hold *18 that thirty days, or any particular time period, is too short a period of time for trial preparation. Our decision is also made in consideration of the fact that a termination of parental rights case is a most drastic one; if a lawyer mistake is made or malpractice occurs, it is essentially unremedia-ble. The order is reversed and this cause remanded for a new hearing.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr. and CO-WART, JJ., concur.