PER CURIAM.
We reverse the trial court’s order granting juvenile C.R.S.’s motion for discharge. C.R.S.’s delinquency petition filed September 11, 1990 was stamped “Speedy Trial, Set No Trial Beyond 11/19/90.” On November 19, 1990, when C.R.S. still had not gone to trial, he filed a motion to discharge on the ground that his right to speedy trial under Florida Rule of Juvenile Procedure 8.180(b) had been violated. The motion was denied. In the presence of C.R.S.’s counsel, as well as the state, the trial was rescheduled for November 29, 1990. See Fla.R.Juv.P. 8.180(j)(3). The state was ordered to serve C.R.S. with notice of the new hearing date but failed to do so. At the November 29, 1990 adjudicatory hearing, C.R.S. was not present. On that date, the trial court attributed the juvenile’s absence to the state and granted counsel’s motion for discharge.
As stated above, C.R.S.’s counsel, as well as the state, was informed of the November 29, 1990 adjudicatory hearing date. C.R.S.’s counsel was under an obligation to communicate this information to his client. See Rule of Professional Conduct 4-1.4 (requiring a lawyer to keep a client reasonably informed about the status of a matter). Thus follows the general rule that notice to counsel is imputed to his client. See Woodard v. Florida State University, 518 So.2d 336 (Fla. 1st DCA 1987); In re Brugh’s Estate, 306 So.2d 599 (Fla. 2d DCA 1975).
In L.G. v. State, 405 So.2d 252 (Fla. 3d DCA 1981), the rule was held to be otherwise where the defendant was a juvenile. That case held that under Florida Rule of Juvenile Procedure 8.190(a) the state was required to serve the juvenile by súmmons. Thus, imputed notice through L.G.’s attorney was insufficient for speedy trial purposes. Subsequent to L.G., in January 1981, Rule 8.190(a) was amended and the state is no longer required to notify the juvenile of a hearing by summons.
Callins v. State, 447 So.2d 1043 (Fla. 3d DCA 1984) noted this change and held that absent the summons requirement, notice to the juvenile’s counsel is imputed to the juvenile, following the above general rule. Thus, Callins’ nonappearance at hearing after notice to his counsel was held to be sufficient evidence that the juvenile was not continuously available for trial, warranting the denial of his motion for discharge based on speedy trial grounds. See Fla.R.Juv.P. 8.190(a). Similarly, in the instant case, despite the state’s failure to comply with the trial judge’s instruction, knowledge of the hearing is imputed to C.R.S. because his counsel was present at the hearing where the new date was set. The failure to hold an adjudicatory hearing was attributable to the child, see Fla. RJuv.P. 8.180(j)(3), and dismissal was not required.
Accordingly, the order granting the motion to discharge is reversed and the case is remanded to the trial court.