617 So.2d 422 (1993)
IN THE INTEREST OF G.H. III, a child.
No. 92-02996.
District Court of Appeal of Florida, First District.
April 27, 1993.
Ed R. Tilton, Lake City, for appellant.
Douglas H. Miller, Child Welfare Legal Services, Lake City, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
This cause is before us on rehearing pursuant to Florida Rule of Appellate Procedure 9.330. The motion for rehearing is granted, and this opinion substituted for the original opinion.
On January 31, 1992, the Department of Health and Rehabilitative Services (HRS) filed an amended petition for dependency, alleging that G.H. III suffered from ongoing physical abuse.[1] After an adjudicatory hearing, the trial court found that G.H. III was suffering from first-degree burns from above his waist down to and including his feet; numerous bruises, some of which were on his testicles; patches of hair missing from his scalp; swollen and bleeding ears, lips, and face; a cut tongue; and scratch marks about his neck. Furthermore, the lower court found that Everett Bias, appellant's paramour, sexually abused G.H. III by forcing the child to perform oral sex on him. The trial court concluded that clear and convincing evidence supported a finding of egregious abuse pursuant to section 39.464(4), Florida Statutes, and adjudicated G.H. III to be dependent. The adjudication of dependency was not appealed.
On April 21, 1992, HRS filed a petition to terminate parental rights, alleging the identical *423 facts previously pled and litigated on February 26, 1992. At the termination hearing, the trial court considered relevant evidence regarding the best interest of the child but refused to retry dependency issues previously litigated, i.e., whether G.H. III had been subjected to egregious abuse. On July 15, 1992, the trial court terminated parental rights.
Florida Rule of Juvenile Procedure 8.330 states in pertinent part:
(a) Hearing by Judge. The adjudicatory hearing shall be conducted by the judge without a jury utilizing the rules of evidence. At this hearing the court shall determine whether the allegations of the dependency petition have been sustained by a preponderance of the evidence. If the court is of the opinion that the allegations are sustained by clear and convincing evidence, it may enter an order so stating.
The committee note to this rule states:
(a) This change gives the court the option of making a finding based on a higher burden of proof to eliminate the need for a repetitive hearing on the same evidence if a termination of parental rights petition is filed.
Rule 8.330 gives the trial court the option of finding that the State has proven an allegation of the petition for dependency by clear and convincing evidence. If the dependency petition alleges one or more of the grounds specified in section 39.464, relating to the termination of parental rights, and the trial court finds that this allegation has been proven by clear and convincing evidence, then the State shall not be required to relitigate an identical ground or grounds at a later termination proceeding. Thus, the purpose of the rule is to avoid the State having to present its witnesses and prove the allegation twice.
However, it is not the purpose of Rule 8.330 to preclude the parent or parents against whom a termination petition is filed from presenting evidence at the termination hearing. At an adjudicatory hearing for termination of parental rights, "[a] party may call any person, including a child, as a witness." Fla.R.Juv.P. 8.525. Therefore, we do not interpret Rule 8.330 as prohibiting introduction of evidence by the biological parents here. The trial court must receive and consider any relevant evidence offered by the parents and weigh it against the court's previous determination of egregious child abuse. At that hearing, appellant may present any evidence relating to the factors alleged in the termination petition. The State may also offer evidence, or may rest on, the court's prior determination.
Accordingly, rehearing is granted, and this case is remanded to the trial court with directions to hold a new adjudicatory hearing in accordance herewith.
ERVIN, BOOTH and WEBSTER, JJ., concur.
NOTES
[1] The petition for dependency is not part of the record on appeal.