*1115
CONFESSION OF ERROR

PER CURIAM.
Appellant, the State, appeals the discharge of appellee, C.C., for a speedy trial violation. We reverse.
The State filed a petition for delinquency against C.C., a juvenile. The court continued the case three times because C.C. failed to appear. Prior to each trial date, the clerk failed to serve C.C. with notice. However, C.C.’s counsel was present at each proceeding when a new trial date was scheduled.
After the third court continuance and the speedy trial period expired, the court granted C.C.’s motion for discharge because the adjudicatory hearing was not held within the speedy trial period. Because there was no return of service in the court file, the court reasoned that C.C.- did not receive notice of the trial dates.
C.C. correctly concedes, upon the authority of State v. C.R.S., 584 So.2d 172 (Fla. 3d DCA 1991), that the trial court erred in discharging him pursuant to Florida Rule of Juvenile Procedure 8.090. “[Djespite the state’s failure to [serve C.R.S. with notice of the new hearing date], knowledge of the hearing is imputed to C.R.S. because his counsel was present at the hearing where the new date was set.” Id. at 173.
Here, C.C.’s counsel was present at each proceeding where the new trial dates were set. Therefore, C.C.’s failure to appear after counsel received notice of the trial date was sufficient evidence that C.C. was not available for trial. Callins v. State, 447 So.2d 1043, 1044 (Fla. 3d DCA 1984). When a child is unavailable for trial, a delinquency petition cannot be dismissed due to a speedy trial violation. Fla.R.Juv.P. 8.090(d)(4)(A). Accordingly, we reverse the order granting C.C.’s motion for discharge, and remand the case for trial.
Reversed and remanded.