724 So.2d 574 (1998)
R.A., Appellant,
v.
DEPARTMENT OF CHILDREN & FAMILY SERVICES, Appellee.
No. 98-0713.
District Court of Appeal of Florida, Third District.
August 12, 1998.
Opinion Denying Rehearing and Certification October 21, 1998.
*575 J. Rafael Rodriguez, Miami, for appellant.
Robin H. Greene, Miami, for appellee.
Before COPE, GODERICH and SHEVIN, JJ.
PER CURIAM.
R.A. appeals an order terminating his parental rights with respect to his minor children. We affirm.
The father first contends that the trial court erred by refusing to allow him to address the court during closing argument. Under the circumstances, we find no abuse of discretion.
The mother and father were each represented by separate counsel.[1] Although given notice of the adjudicatory hearing, the parents decided not to attend the evidentiary portion of the proceedings. Consequently, they did not testify and were not subject to cross-examination. The parents' counsel attended the trial and actively defended the parents throughout.
After the evidentiary record was closed, closing argument took place on a subsequent date. The parents attended. Before beginning closing argument, defense counsel advised the court that "both parents wished to briefly address the Court. I don't know what the Court's feeling is, since they did not participate at the trial. It's not in the form of testimony; simply to address the Court very briefly."
The appellee Department of Children & Family Services objected, because the giving of a statement would offer the parents an opportunity in essence to testify without being subject to cross-examination. The Department urged that the purpose of closing argument was to summarize the evidence for the benefit of the court, and that a statement by the parents had no place in the proceeding. The Department suggested that if the parents wanted to make a statement, they should do so at the disposition hearing. The trial court sustained the Department's objection and allowed closing argument to be made only by counsel.
The father's main argument on appeal is that this ruling denied the father the right to testify as a witness in the termination proceeding. That is clearly not so. The parents were advised of the evidentiary proceeding and chose not to testify or be present. At closing argument, they disclaimed any intention of giving evidence. There was no request *576 to give testimony or to reopen the record.
The question, then, is whether it was error to refuse the father's request to make a statement at the conclusion of the adjudicatory hearing. Because termination of parental rights is a drastic step, we believe that in the ordinary case where the parents have attended the evidentiary proceedings, a request to address the court briefly at the conclusion of proceedings should be honored, except where a litigant has been disruptive. See Fla. R. Juv. P. 8.525(d). However, where a party has chosen not to attend the proceedings or testify, and has not been subject to cross-examination, the parent's eleventh-hour request to speak during closing argument presents an opportunity for the parent to attempt to offer his or her version of the facts without being subject to cross-examination. In such circumstances, we think that the trial court has the discretion either to prohibit such a statement, or to allow it as a matter of grace. That being so, there was no abuse of discretion. We also note that there was no proffer of what the father desired to say, and the termination judgment is abundantly supported by the record. We see no error, nor any harm to the father, in the refusal to allow him to address the court.
The father next contends that the Department failed to meet its burden of proof. Again, we disagree.
The termination of parental rights was based on section 39.464(1)(e), Florida Statutes (1995), which allows termination "when a child has been adjudicated dependent, a case plan has been filed with the court, and the child continues to be abused, neglected, or abandoned by the parents."
The father correctly points out that in a termination proceeding, the statutory elements must be proven by clear and convincing evidence. See id. § 39.467(1). In order to prove the first of the statutory elements that the children had previously been adjudicated dependentthe Department simply introduced the earlier dependency order into evidence. The dependency order states that it was entered based on a preponderance of the evidence. See id. § 39.408(2)(b). Since dependency was established by the lower preponderance-of-the-evidence standard, the father argues that for purposes of the termination proceeding, the dependency order did not suffice to establish that the children were dependent. The father contends that the Department was required to re-prove its dependency case during the termination proceeding. The father's argument is without merit.
The theory of section 39.464(1)(e) is that parental rights may be terminated if, after a child has been adjudicated dependent and there is a case plan, the parents continue to abuse, neglect, or abandon the child after being given a reasonable opportunity to mend their ways. The statute only requires the Department to prove that there was a dependency order in place, see id., and allows the Department to prove it by introducing a certified copy of the dependency order. See id. § 39.4611(3). As it is undisputed in this case that a dependency order was entered, it follows that the existence of the dependency order was proved by clear and convincing evidence. See In the Interest of W.D.N., 443 So.2d 493, 495 (Fla. 2d DCA 1984); In the Interest of C.M.H., 413 So.2d 418, 425 (Fla. 1st DCA 1982).
The father relies on In the Interest of G.H. III, 617 So.2d 422 (Fla. 1st DCA 1993), but that case has no application here. In G.H., the dependency order found that the parents had committed egregious abuse on the child. See id. at 422-23. The Department filed a termination proceeding based on section 39.464(4), Florida Statutes (1991),[2] which authorizes termination of parental rights for egregious abuse. Because the trial court had found in the dependency order that egregious abuse had been proven by clear and convincing evidence, see Fla. R. Juv. P. 8.330(a), this finding was taken as established for purposes of the termination proceeding, see G.H., 617 So.2d at 423, and "eliminate[d] the need for a repetitive hearing on the same evidence." Fla. R. Juv. P. 8.330 committee cmt., reprinted in 32 Fla. Stat. Ann. 284 (1992).
G.H. does not apply here because in the termination proceeding the Department did not rely on any factual findings contained in the dependency order. Here, the Department *577 simply had to establish, as part of its case, that a dependency order had been entered. It did so.[3]
Affirmed.

ON MOTION FOR REHEARING AND CERTIFICATION
PER CURIAM.
In his motion for rehearing, appellant R.A. contends that our opinion is in conflict with In the Interest of R.W., 495 So.2d 133 (Fla. 1986), which states that "before parental rights can be permanently terminated, the state must show abandonment, abuse, or neglect by clear and convincing evidence." Id. at 135. We disagree with the appellant's contention.
Subsequent to the decision in R.W., the Legislature substantially amended chapter 39, Florida Statutes. In 1987, the Legislature added a new part to chapter 39 entitled "Termination of Parental Rights." See ch. 87-289, § 9, at 1986-94, Laws of Fla. (codified as amended at §§ 39.459-.474, Fla. Stat. (1995)). In 1994, the Legislature added the provision at issue here. See ch. 94-164, § 35, at 1008, Laws of Fla. (codified at § 39.464(1)(e), Fla. Stat. (1995)). That provision, when relied upon as one of the grounds for termination of parental rights,[1] requires that it be shown by clear and convincing evidence that the "child has been adjudicated dependent, a case plan has been filed, and the child continues to be abused, neglected, or abandoned by the parents." § 39.464(1)(e), Fla. Stat. (1995).
Under the express terms of section 39.4611, "[t]he fact that a child has been previously adjudicated dependent as alleged in a petition for termination of parental rights may be proved by the introduction of a certified copy of the order of adjudication...." Id. § 39.4611(3). As indicated in our initial opinion, the appellee Department of Children and Family Services did so. The Department was not required, as the appellant contends, to reestablish the facts underlying the adjudication of dependency by clear and convincing evidence. Rather, in addition to establishing that the child had been adjudicated dependent,[2] the Department had to show, by clear and convincing evidence, that "the child continue[d] to be abused, neglected, or abandoned by the parents." Id. § 39.464(1)(e). In its order terminating the parents' rights, the trial court stated that the "facts alleged in the Petition concerning neglect and abandonment were proven by clear and convincing evidence in the adjudicatory hearing." Thus, the trial court properly found that it could terminate the parent's rights. The motion for rehearing is denied, as is the accompanying request for certification.
Motion denied.
NOTES
[1] The mother's parental rights were terminated in the same proceeding, but the appeal now before us is solely that of the father.
[2] Renumbered as § 39.464(1)(d), Florida Statutes (1995).
[3] The sufficiency of the Department's evidence on the remaining statutory elements is not challenged.
[1] Section 39.4611(1), which was also added in 1994, sets forth three elements that must be alleged in the petition for termination of parental rights, one of which is "[t]hat at least one of the grounds listed in s. 39.464 has been met." Section 39.467 requires that the elements in 39.4611 "must be established by clear and convincing evidence before the petition is granted."
[2] The requirement that it be shown that a case plan had been filed, see id. § 39.464(1)(e), is not in dispute.