728 So.2d 367 (1999)
M.E., Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 97-1838.
District Court of Appeal of Florida, Third District.
March 24, 1999.
*368 Greer Davis Wallace, Miami, for appellant.
Robin H. Greene, Miami, for appellee.
Before COPE, GODERICH and SHEVIN, JJ.
COPE, J.
M.E. appeals an order terminating her parental rights with respect to three of her minor children, P.E., C.E., and S.E.[1] We affirm.
Counsel was appointed to represent the mother, M.E., in this termination of parental rights ("TPR") proceeding. The case was scheduled for calendar call on June 24, 1996, and thereafter proceeded to trial in July.
Prior to the start of trial, the mother's counsel informed the court that she had experienced difficulty in contacting the mother and was not sure whether the mother knew of the actual trial date. Counsel explained that the mother wanted to defend against the petition for termination, and that counsel was prepared to proceed with the trial. The mother was also represented by a guardian, who had been appointed because of concerns about the mother's competency. Neither counsel nor the guardian requested a continuance to attempt to locate the mother. At the conclusion of trial, the court ruled that the mother's parental rights should be terminated.
The mother filed a motion for rehearing stating that she did not know of the trial date and wanted to testify at trial. She also alleged that a Department case worker knew her whereabouts, a point disputed by the Department. The trial court denied the motion for rehearing and the mother has appealed.
The mother contends that it was the responsibility of the Department to serve her personally with notice of the TPR trial date, even though counsel had been appointed for the mother. The mother's argument is incorrect.
Florida Rule of Juvenile Procedure 8.505(a) requires personal service of the petition for termination of parental rights along with notice of the date, time, and place of the advisory hearing.[2] Thereafter, "[u]nless the court orders otherwise, every pleading, order, and paper filed in the action after the initial petition, shall be served on each party or the party's attorney." Fla. R. Juv. P. 8.225(c)(3) (emphasis added).
Where counsel has been appointed for the defendant parent, it is sufficient for notices, including the notice of trial, to be given to counsel. Notice to counsel is notice to the parent. See Fla. R. Jud. Admin. 2.060(m) ("In all matters concerning the prosecution or defense of any proceeding in the court, the attorney of record shall be the agent of the client, and any notice by or to the attorney or act by the attorney in the proceeding shall be accepted as the act of or notice to the client."); State v. C.C., 633 So.2d 1114, 1115 (Fla. 3d DCA 1994); State v. C.R.S., 584 So.2d 172, 173 (Fla. 3d DCA 1991).
It is the responsibility of the parent to stay in reasonable touch with the attorney regarding the progress of the case and to advise the attorney of any change of address. Further, it is essential that the client provide counsel with some reasonably reliable means to contact the client when needed, whether it be at home, work, or some other point of contact. Prior to the hearing in this case, *369 appointed counsel went physically to look for the mother at the mother's last known address, but she had moved. Certainly the client had a duty to advise the attorney of her change of address.
The mother argues that this court's decision in Gelatt v. State Department of Health and Rehabilitative Services, 585 So.2d 477 (Fla. 3d DCA 1991), requires personal service of notice of trial, but that is not so. Gelatt involved the failure to give any notice of trial at all. See id. It did not involve the situation now before us, where there was proper notice to the attorney, but a breakdown in communication with the client.
The more substantial question is whether the trial court should have granted the mother's motion for rehearing on this ground. We find no abuse of discretion under the facts present here. The trial court postponed ruling on the motion for rehearing so that the mother could file an affidavit stating the reasons for her nonattendance at trial and the substance of what her testimony would be, if the record were reopened. Since the mother never filed the affidavit, the trial court quite properly denied the motion for rehearing. Even if an affidavit had been filed, it is unrealistic to expect any change in outcome given the documented history of dependency and abandonment in this case. See R.A. v. Department of Children & Family Services, 724 So.2d 574, 576 (Fla. 3d DCA 1998).
Affirmed.
NOTES
[1] By separate judgment, the mother's parental rights were terminated with respect to her other three children. That judgment is not at issue in this appeal.
[2] The advisory hearing is held as soon as possible after service of process. See Fla. R. Juv. P. 8.510(c)(1). At the hearing:

(2) The court must:
(A) advise the parents of their right to counsel and appoint counsel in accordance with legal requirements;
(B) determine whether an admission, consent, or denial to the petition shall be entered; and
(C) appoint a guardian ad litem if one has not already been appointed.
Id. R 8.510(a)(2).