PALMER, J.
W.K. appeals the trial court’s order terminating her parental rights to her son, S.K. She argues that reversal of the termination order is required because the Department of Children and Families (DCF) failed to provide her with proper notice of the termination hearing. Concluding that W.K. failed to preserve this issue for appeal, and also failed to prove the alleged lack of proper notice, we affirm.
One year after his birth, W.K. brought her son S.K. into the emergency room because he was suffering from severe bronchitis and asthma. W.K. stated at that time that she wanted to “get rid” of the child because she could not take care of him. S.K. was sheltered by the State, subsequently adjudicated dependent, and placed in foster care. At the same time, W.K. entered a case plan with the stated goal of reunification.
When W.K. substantially failed to comply with the terms of her case plan, DCF petitioned the trial court for termination of her parental rights. An advisory hearing was set, and W.K. was served with a summons and notice of termination of parental rights. W.K. appeared at the advisory hearing and informed the trial court, for the first time, of the name of the man she believed was S.K.’s father. Upon receipt of this information, the trial court continued the pending hearing and set an advisory hearing for the potential father as well as a pre-trial conference for the attorneys involved in W.K.’s case. When the alleged father could not be found, a default was entered against him. W.K. did not attend either the father’s advisory hearing or the pre-trial conference.
A notice of trial on DCF’s petition to terminate W.K’s parental rights was sub *231 sequently sent to W.K’s attorney. When W.K. did not appear at the trial, W.K.’s counsel advised the court that she did not know where W.K. was. Counsel also stated that she did not know if W.K. had received a notice for trial because counsel had sent several letters to W.K. at various different addresses and that two, but not all, of them had been returned.
The trial court decided to proceed with the termination hearing and allowed DCF to call its witnesses to testify. Upon consideration of the evidence presented, the trial court found that DCF had sustained its burden of proof and, accordingly, terminated W.K’s parental rights. This appeal timely followed.
W.K. challenges the trial court’s order terminating her parental rights, arguing that she was not given proper notice of the time and place of the adjudicatory hearing. She contends that since she appeared at the advisory hearing to personally contest the termination of her parental rights, pursuant to Florida Rule of Juvenile Procedure 8.510(a)(4), the trial court was required to set the date and time of the adjudicatory hearing during the advisory hearing. W.K. further maintains that, because the trial court failed to do so, DCF was required to personally serve her with the date and time of the trial, but improperly failed to do so. W.K. contends that because there was no evidence presented to the trial court demonstrating that she had received written notice of her adjudicatory hearing, the order at issue should be reversed. We disagree.
First, contrary to W.K.’s assertions, the trial court was not required to set the time and place of the adjudicatory hearing during the advisory hearing. Florida Rule of Juvenile Procedure 8.510 provides:
Rule 8.510. Advisory Hearing and Pretrial Status Conferences
(a) Advisory Hearing.
(1) An advisory hearing on the petition to terminate parental rights must be held as soon as possible after service of process can be effected, but no less than 72 hours following service of process. Personal appearance of any person at the advisory hearing eliminates the time requirement for serving process on that person.
(2) The court must:
(A) advise the parents of their right to counsel and appoint counsel in accordance with legal requirements;
(B) determine whether an admission, consent, or denial to the petition shall be entered; and .
(C) appoint a guardian ad litem if one has not already been appointed.
(3) If a parent served with notice fails to appear at the advisory hearing, the court shall proceed as provided by law.
(4) If an admission or consent is entered, the court shall proceed to disposition alternatives as provided by law. If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law or grant a continuance until the parties have sufficient time to proceed to an adjudicatory hearing.
Fla. R. Juv. P. 8.510 (emphasis added).
Here, W.K. and her appointed counsel appeared at the advisory hearing. At that time, W.K. advised the trial court, for the first time, of the name of the man who she believed was S.K’s father. The trial court then continued the matter without setting W.K’s adjudicatory hearing so that a date could be set for an advisory hearing for the alleged father. This ruling was within the trial court’s authority under rule 8.510(a)(4). Moreover, under these circumstances, the trial court had good rea *232 son not to set W.K.’s adjudicatory hearing during the advisory hearing since there was a chance that S.K’s father could be found. Section 39.801 of the Florida Statutes (2001) states that the parents have a right to be notified of an advisory hearing, and thus such notice was required to be provided to S.K’s alleged father before the trial court could proceed to an adjudicatory hearing concerning terminating W.K.’s parental rights.
Second, the instant record fails to support W.K.’s claim that she was not notified of the time and place of the hearing. While W.K’s counsel advised the trial court that she had notified W.K. by mail several times and that “some” of the letters had been returned, counsel failed to establish whether the letters which had been returned included all notices of the time and place of the hearing. Additionally, under Florida law, W.K. had the affirmative duty to keep the court and her counsel apprised of her permanent address but she failed to do either. In M.E. v. Florida Dep’t of Children & Family Services, 728 So.2d 367 (Fla. 3d DCA 1999) the Third District stated:
Where counsel has been appointed for the defendant parent, it is sufficient for notices, including the notice of trial, to be given to counsel. Notice to counsel is notice to the parent. See Fla. R. Jud. Admin. 2.060(m) (“In all matters concerning the prosecution or defense of any proceeding in the court, the attorney of record shall be the agent of the client, and any notice by or to the attorney or act by the attorney in the proceeding shall be accepted as the act of or notice to the client.”); State v. C.C., 633 So.2d 1114, 1115 (Fla. 3d DCA 1994); State v. C.R.S., 584 So.2d 172, 173 (Fla. 3d DCA 1991).
It is the responsibility of the parent to stay in reasonable touch with the attorney regarding the progress of the case and to advise the attorney of any change of address. Further, it is essential that the client provide counsel with some reasonably reliable means to contact the client when needed, whether it be at home, work, or some other point of contact. Prior to the hearing in this case, appointed counsel went physically to look for the mother at the mother’s last known address, but she had moved. Certainly the client had a duty to advise the attorney of her change of address.
The mother argues that this court’s decision in Gelatt v. State Dep’t of Health & Rehab. Servs., 585 So.2d 477 (Fla. 3d DCA 1991), requires personal service of notice of trial, but that is not so. Gelatt involved the failure to give any notice of trial at all. See id. It did not involve the situation now before us, where there was proper1 notice to the attorney, but a breakdown in communication with the client.
Id. at 368. Florida Rule of Juvenile Procedure 8.224 similarly provides:
Rule 8.224. Permanent Mailing Address
(a) Designation. On the first appearance before the court, each party shall provide a permanent mailing address to the court: The court shall advise each party that this address will be used by the court, the petitioner, and other parties for notice unless and until the party notifies the court and the petitioner, in writing, of a new address.
(b) Effect of Filing. On the filing of a permanent address designation with the court, the party then has an affirmative duty to keep the court and the petitioner informed of any address change. Any address change must be filed with the court as an amendment to the permanent address designation.
*233 (c) Service to Permanent Mailing Address. Service of any summons, notice, pleadings, subpoenas, or other papers to the permanent mailing address on file with the court will be presumed to be appropriate service.
Lastly, there was no request for a continuance filed by trial counsel on behalf of W.K. upon commencement of trial in order to determine where W.K. was, or if she had received notice of the hearing. As such, W.K. failed to preserve any objection regarding her failure to appear for trial appeal. See Castor v. State, 365 So.2d 701 (Fla.1978).
Accordingly, on this record, we conclude that the trial court did not err in proceeding to hearing and terminating W.'K’s parental rights.
AFFIRMED.
COBB and ORFINGER, JJ., concur.