ALTENBERND, Chief Judge.
M.R. appeals an order terminating her parental rights to her son, D.S. Because the trial court abused its discretion in denying M.R.’s motion to continue the termination trial, we reverse. See Johnson v. State, Dep’t of Health & Rehabilitative Servs., 466 So.2d 17 (Fla. 5th DCA 1985).
On February 5, 2002, the Department of Children and Family Services filed a petition seeking to terminate the parental rights of M.R. for her four minor children, D.S., R.R., B.R., and C.R. A termination of parental rights trial was scheduled for May 29, 2002. On the morning of trial, M.R. executed consent forms agreeing to the termination of her parental rights for her three daughters, R.R., B.R. and C.R.[1] She did not, however, consent to the termination of her parental rights for the oldest of the children, her son, D.S. At the time of the trial, D.S. was residing with his father in Puerto Rico. D.S.’s father is not the father of the three girls, and he is not the subject of any dependency or termination proceeding.[2]
The attorney who appeared on behalf of the mother to deliver the consent forms was not the attorney who had been appointed to represent M.R. or who had previously filed pleadings on her behalf. It appears, however, that he was associated with the appointed attorney. Upon delivering the consents, this attorney indicated that M.R.’s appointed counsel had instructed him that the Department had agreed not to seek a termination of M.R.’s parental rights to D.S. so long as M.R. relinquished her parental rights to the three girls.
*413 The associated lawyer could reasonably have assumed that the Department had made such a stipulation because the allegations in the dependency petition, the dependency order, and in the petition for termination of parental rights centered upon sexual abuse of the three daughters by M.R.’s then husband. Although the court had previously adjudicated D.S. dependent, there were no allegations in the pleadings relating directly to him. D.S. was a teenage boy living in Puerto Rico in the custody of his father at the time of the termination hearing. Neither D.S. nor his father was present for the trial.
Counsel for the Department strenuously denied that any agreement had been reached. The guardian ad litem, the guardian’s attorney, and the caseworker for the children each stated that they were unaware of any such agreement. There was no written agreement to this effect. Counsel for M.R. thus requested a continuance of the trial, explaining that because he had thought there was an agreement, he was not prepared to try the case. The trial court denied the request and proceeded with the trial.
We recognize that a trial court has broad discretion in granting or denying a continuance. Thompson v. Gen. Motors Corp., 439 So.2d 1012, 1013 (Fla. 2d DCA 1983). In determining whether the trial court abused its discretion in denying a motion for continuance, we consider whether the denial of the continuance created an injustice for the movant; whether the cause of the request for continuance was unforeseeable by the movant and not the result of dilatory practices; and whether the opposing party would have suffered any prejudice or inconvenience as a result of a continuance. See Fleming v. Fleming, 710 So.2d 601, 60S (Fla. 4th DCA 1998). Weighing these factors, we conclude that the trial court abused its discretion in denying M.R.’s request for a continuance.
The denial of the continuance created an injustice for M.R. This trial involved the termination of M.R.’s fundamental liberty interest in the care, custody, and management of her child. See Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). M.R.’s counsel was clearly unprepared to try the termination case as to her son. Even if M.R. had little defense concerning the grounds for termination, if prepared, her lawyer may have been able to establish through the testimony of people residing in Puerto Rico that termination was not the least restrictive means for this child.
In contrast, the granting of a continuance would not have caused any serious prejudice or inconvenience to the Department or the child. The termination petition had been pending less than four months. The Department merely had to reschedule the testimony of four witnesses. According to the Department, the child was safely residing in Puerto Rico with his father. M.R. was not permitted to have contact with him.
The Department has not specifically argued that M.R.’s appointed counsel or the associated attorney engaged in dilatory practices to obtain a delay. Even if the appointed counsel could be considered dilatory in asserting an agreement regarding termination that did not exist, there was no evidence presented that the error was intentional as opposed to the result of a good faith misunderstanding. Moreover, if M.R.’s counsel was dilatory at this relatively early stage in the proceedings, we doubt that his actions warranted a decision to force M.R. to trial with a lawyer who was unprepared to proceed. Under these circumstances, the trial court was compelled to grant the continuance. See Johnson, 466 So.2d 17. We therefore re *414 verse the order terminating M.R.’s parental rights and remand for a new trial. See Silverman v. Millner, 514 So.2d 77, 78 (Fla. 3d DCA 1987) (holding that when denial of continuance creates injustice, appellate court’s obligation to rectify injustice outweighs policy of not disturbing trial court’s ruling, particularly when opposing party would suffer no injury or great inconvenience).
Because we are remanding for a new trial, we comment upon concerns raised by M.R. that, while not dispositive to this appeal, should be more cautiously addressed at any new trial. At the trial that the Department did not wish to delay, it presented scant evidence relating specifically to D.S. The guardian ad litem and the licensed psychologist who testified on behalf of the Department had never met or spoken with D.S. or his father. Neither D.S. nor his father presented any testimony. No witness explained how any sexual abuse of the younger daughters affected D.S. or whether he had even been present or aware of that abuse.
In part, this lack of evidence may have been caused by the Department’s position, asserted at trial, that Florida Rule of Juvenile Procedure 8.330(a) permitted it to make a prima facie case of the grounds for termination based solely upon an earlier order finding the children dependent by “clear and convincing evidence.” See Fla. R. Juv. P. 8.330 committee notes (1991 amend.); R.A. v. Dep’t of Children & Family Servs., 724 So.2d 574, 576 (Fla. 3d DCA 1998). Although the dependency statute authorizes an adjudication of dependency based on a preponderance of the evidence, see § 39.507(l)(b), Fla. Stat. (2002), rule 8.330(a) gives the trial judge the option to make his or her findings on the subject of dependency either by the preponderance of the evidence or by clear and convincing evidence. The committee notes to the 1991 amendment that added this option state that it “eliminate[s] the need for a repetitive hearing on the same evidence if a termination of parental rights petition is filed.”
It is unusual for a trial court to determine facts at a higher burden of proof than that required by law. We understand the practical, time-saving reason for this rule of procedure, but we are concerned that it can also lead to unnecessary and serious complications. See In re D.F., 622 So.2d 1102, 1104 (Fla. 1st DCA 1993) (noting due process concerns raised by use of rule 8.330(a) to prove grounds for termination). Presumably an unappealed dependency order does not establish the law of the case. See In re G.H. III, 617 So.2d 422, 423 (Fla. 1st DCA 1993) (holding that rule 8.330(a) does not bar parent from offering evidence at termination trial even if dependency was determined by clear and convincing evidence). Thus, giving that order some preclusive effect raises a myriad of issues, including but not limited to: (1) whether a judge presiding in a termination trial who did not preside in the dependency hearing can rely on the earlier adjudication without reviewing the transcripts of those proceedings; (2) whether in an appeal of a dependency order, a dependency order referring to the higher burden of “clear and convincing evidence” must be reversed if the higher burden is not met but the adjudication is supported by the preponderance of the evidence; and (3) whether termination appeals should now include the transcript from any dependency adjudication not previously appealed so that the adequacy of the evidence at the earlier trial can be assessed.
Because of these concerns and others, dependency judges need to remain alert to the text of their dependency orders and to their findings on the record. When making a finding of dependency “by *415 clear and convincing evidence,” they should realize that they have the option to use the lower standard but are specifically declining to do so. To assist any appellate review, dependency judges may wish to specifically acknowledge the choice on the record. Dependency judges should also understand that they can only rely upon the earlier adjudication of dependency to support termination when the specific grounds for termination are identical to the facts and issues proven in the dependency proceeding and the record in the termination proceeding demonstrates this on its face. See, e.g., D.B. v. Dep’t of Children & Families, 742 So.2d 275, 277 (Fla. 1st DCA 1998) (noting dependency order that fails to include facts upon which dependency is based prevents Department from relying on order to prove grounds for termination).
Even if the earlier order is prima facie proof of the overlapping issues involved in dependency and termination, the parent can present additional testimony at the termination hearing. See In re G.H. III, 617 So.2d at 423 (holding that rule 8.380(a) does not bar parent from offering evidence at termination trial even if dependency was determined by clear and convincing evidence). In a termination trial, the Department must prove not only the grounds for termination but also that termination is the least restrictive means. See Padgett v. Dep’t of Health & Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991). The termination court is required to consider the manifest best interests of the child before ordering a termination of parental rights. See § 39.810, Fla. Stat. (2002). As such, rule 8.330(a) does not permit a dependency order to negate the need for a full termination trial; it merely allows the termination court to treat those issues actually litigated in the dependency proceeding as establishing a prima facie case on the identical issues raised in the termination proceeding. In this case, the fact that the earlier order was determined by clear and convincing evidence made it even more important that the continuance be granted so that the mother would have a meaningful opportunity to rebut the findings that had been made at a dependency hearing that her new lawyer had not attended.
On remand, if the Department again seeks to terminate M.R.’s rights to her teenage son, it should be prepared to present evidence specifically relating to D.S. that establishes, by clear and convincing evidence, (1) the grounds for termination; (2) that termination is the least restrictive means for this child; and (3) that the termination of M.R.’s parental rights is warranted, even though the Department is not seeking to terminate the parental rights of the child’s father.
Reversed and remanded.
SILBERMAN and COVINGTON, JJ., Concur.

. Because a single order was prepared for all four children, the daughters are technically parties to this appeal. No issue has been raised concerning their cases, and we affirm the terminations of parental rights as to the daughters. Only D.S. is affected by this appeal.

. Section 39.811(6), Florida Statutes (2002), provides that the parental rights of one parent may be severed without severing the parental rights of the other parent only under certain circumstances. Thus, in this case, M.R.’s parental rights could be terminated only if the termination was based upon the grounds specified in section 39.811(6).