592 So.2d 778 (1992)
In the Interest of G., Children.
No. 90-3178.
District Court of Appeal of Florida, Fourth District.
January 29, 1992.
Kim A. Marjenhoff, Fort Lauderdale, for appellant natural mother.
Patricia B. Wright, Gaste-Azoro, Fort Lauderdale, for appellee Dept. of HRS.
PER CURIAM.
Appellant, the natural mother, appeals two final judgments terminating her parental rights and permanently committing her two children to the Department of Health and Rehabilitative Services for subsequent adoption. We reverse and remand with direction.
In reversing, we make it plain that the unrecovered dysfunctional father has not appealed the termination of his parental rights. His lack of recovery and prospect for the same are separate and apart from the mother, who is the sole appellant. The father's rights were and remain terminated. See Carlson v. State, Dep't of Health & Rehabilitative Services, 378 So.2d 868 (Fla. 2d DCA 1979) (court reversed only that part of a commitment order which terminated the parental rights of the natural mother, yet affirmed that part which terminated the parental rights of the natural father who failed to appeal). Furthermore, should the trial court, on remand, conclude that the mother has now recovered, it is critical that the trial court enter such protective orders necessary to prevent contact by the unrecovered, terminated father with the mother or the children. His lack of contact is viewed as essential to any hope of a healthy reunification.
We agree with appellant that the instant case, unlike Palmer v. Department of Health & Rehabilitative Services, 547 So.2d 981 (Fla. 5th DCA 1989), In re J.J.C., 498 So.2d 604 (Fla.2d DCA 1986), and In re J.L.P., 416 So.2d 1250 (Fla. 4th DCA 1982), does not present a situation where the future is hopeless. According to appellant's own testimony as well as the testimony of her sponsor in A.A., her counselor at Stepping Stones (a residential treatment program), and the director of the Court Alcohol and Substance Abuse Program (CASAP), appellant's chances of recovery are good. Appellant has maintained her sobriety, secure employment, and a stable residence. *779 Appellant's condition clearly is not "untreatable"; therefore, there is no evidence to support the trial court's finding that she could not provide the necessary support and care for her children in the future. While appellant has not yet had the chance to demonstrate that she could adequately care for her children, the evidence before the trial court did not support the trial court's finding of prospective neglect. Appellant, unlike her husband, has made great strides toward recovery. It is for these reasons we reverse and remand with direction to determine if there has been recovery by the mother, one year having elapsed since the entry of final judgment. Because the children have been in foster care since April 1, 1988, we further direct the trial court to expedite this determination. If the trial court concludes there has not been recovery, it may enter an appropriate final judgment of termination, subject to similarly expeditious appellate review.
GLICKSTEIN, C.J., and FARMER, J., concur.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I appreciate the majority's concern that the mother's potential for rehabilitation, coupled with the absence of the father, might now improve the awful conditions of neglect she previously imposed on these children. However, there is ample clear and convincing evidence in this record to support the trial court's difficult decision that the best interests of the children are served by a permanent commitment.
The overriding public policy of this state, for valid and obvious reasons, is that after a reasonable period there must be an end to temporary foster care and pending efforts to rehabilitate parents. What these children, and others similarly situated, need more than anything else is the safe and stable environment that comes from a permanent placement and adoption. The legislature has wisely fixed tenure limits for foster care absent extraordinary conditions. Here, that time limit was exceeded without such extraordinary conditions. Nothing in this record indicates that the trial court was not aware of the total circumstances at the time of the hearing. I would not substitute our judgment, even with the qualifications for expediting provided for in the majority opinion.