OWEN, WILLIAM C., Jr., Senior Judge.
This is a sequel to In the Interest of G., Children, 592 So.2d 778 (Fla. 4th DCA 1992), wherein we reversed two final judgments which terminated the mother’s parental rights and permanently committed her two children to the Department of Health and Rehabilitative Services for subsequent adoption. We directed that upon remand the trial court determine if there had been a recovery by the mother from alcoholism, and with the further direction that if the court concluded that she had not made a recovery, it could again enter an appropriate final judgment of termination.
Upon remand and further hearing, the court concluded that the natural mother had made a recovery. Unfortunately, and due perhaps to the failure of our prior opinion to be more explicit, the trial court construed our prior opinion as indicating that the mother’s recovery, vel non, was to be entirely dispositive of the case, i.e., if she had not made a recovery, a final judgment of termination should be entered (which we did say), and if she had made a recovery, a final judgment of dismissal should be entered (which we did not say). Perceiving itself thus restricted to consider only the issue of the mother’s recovery, the trial court felt that it could not properly consider the question of the children’s best interest. It therefore precluded the introduction of any evidence on that issue. The court, having found that the mother had made a recovery, and following what it perceived to be the directions in this court’s earlier opinion, entered a judgment dismissing the petition for termination of the mother’s parental rights.
We again reverse and remand for further hearing and final disposition after full consideration of the mother's parental rights and the best interest of the children, under the criteria set out in section 39.467 Florida Statutes (1991).
Reversed and remanded.
WARNER, J., concur.
ANSTEAD, J., concurs specially with opinion.