739 So.2d 1287 (1999)
M.A.P., as Parent of S.R.P., a Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 99-1106.
District Court of Appeal of Florida, Fifth District.
September 17, 1999.
*1288 Suzanne J. Taylor, Cocoa, for appellant.
Kelly A. Swartz, Child Welfare Legal Services, Department of Children and Families, Cocoa, for appellee.
PER CURIAM.
The appellant challenges the termination of parental rights to her child who, along with the appellant, tested positive for cocaine on the child's birth date, November 9, 1997.
Shortly after the child's birth, the appellant consented to the child being adjudicated dependent. Fourteen months later, the appellant's parental rights were terminated after the appellant was deemed to have failed to comply with the terms of her case plan. In the order of termination, the trial court noted that the appellant had tested positive for cocaine in September of 1998, and that throughout the period of the dependency, she had denied the need for drug treatment. The appellant also repeatedly violated probation in several criminal cases, was arrested for domestic violence, was incarcerated, failed to maintain stable employment, failed to provide financial support for her child, and failed to exercise approximately half of her visitation opportunities.
The appellant asserts that the Department of Children and Families rendered insufficient assistance to allow her to succeed in her case plan. The Department, however, cannot force the appellant to attend meetings, maintain a stable home or job, maintain a drug free residence or visit her child at every available opportunity. We find the trial court properly concluded that appellant failed to substantially comply with the case plan and that it was in the manifest best interests of the child to terminate appellant's parental rights. §§ 39.806(1)(e); 39.810, Fla.Stat. (Supp. 1998).
The record also reflects compliance with section 39.465(1)(a), Florida Statutes (1997). The trial court advised appellant of the right to counsel at every stage of the proceedings and noted the advisement. Nothing in the record supports her contention that she was not so advised.
The order terminating appellant's parental rights to S.R.P., a child, is affirmed.
AFFIRMED.
ANTOON, C.J., COBB and PETERSON, JJ., concur.