765 So.2d 152 (2000)
M.S., natural mother of D.W., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D99-3165.
District Court of Appeal of Florida, First District.
June 26, 2000.
*153 Christopher L. Craun, Lake City, for Appellant.
H. Stephen Pennypacker, Contract Counsel, Pilot Project, Department of Children and Families, Gainesville, for Appellee.
PER CURIAM.
Appellant, M.S., the natural mother of D.W., seeks review of a final judgment terminating her parental rights as to D.W. In the judgment, the trial court concluded that termination was appropriate under (1) section 39.806(1)(i), Florida Statutes (1999), because appellant's parental rights to a sibling had previously been involuntarily terminated, and (2) section 39.806(1)(e), based on appellant's failure to comply substantially with the case plan. Appellant challenges both bases for termination. We affirm as to the latter issue and, consequently, consider it unnecessary to address the former.
It is undisputed that parental rights may be terminated pursuant to section 39.806(1)(e) if a parent fails to comply substantially with a case plan for a period of 12 months after a child is adjudicated dependent. The record in this case, particularly the testimony of Karen Pickett, the counselor who worked with appellant, provided competent, substantial evidence to support the findings of noncompliance as to the essential tasks required by the case plan.
Although appellant argues that her failure to conform with the case plan was caused by lack of financial resources, lack of understanding of the case plan's terms, and the appellee's failure to provide her with required services, the record contains competent, substantial evidence which supports the trial court's contrary findings.
Because appellant has failed to establish on appeal that the trial court's findings as to noncompliance are not supported by clear and convincing evidence, the judgment is
AFFIRMED.
ERVIN, VAN NORTWICK and BROWNING, JJ., CONCUR.