766 So.2d 1224 (2000)
K.S., as Parent of A.S., a child, Appellant,
v.
R.C., as parent of A.S., a child, and Department of Children and Families, Appellees.
No. 5D99-2631.
District Court of Appeal of Florida, Fifth District.
September 22, 2000.
Carole Suzanne Bess, Cocoa, for Appellant.
Shari J. Wilson, Rockledge, for Appellees.
PLEUS, J.
The mother of A.S., a child, appeals a final judgment terminating her parental rights contending that the natural father of A.S., who filed the petition for termination, failed to prove abuse, abandonment or neglect by clear and convincing evidence. We affirm the judgment of the trial court.
The evidence clearly shows a long history of alcohol and drug abuse by the mother. *1225 The mother has been under the supervision of the voluntary protective services of the Department of Children and Families as far back as May of 1993, but has failed to avail herself of its services. In January of 1997, the mother consented to a finding of dependency for A.S. and began a case plan with the Department. A.S. was placed with her paternal grandparents. The mother was allowed supervised visits.
Suffice it to say, the evidence shows the mother failed to comply with the case plan. Her condition grew worse. Two guardian ad litem reports in the record document the mother's continuing problem with substance abuse as well as other anti-social behavior. Case workers from the Department testified to the mother's total indifference to the treatment programs offered. Although there is some evidence in the record which could be classified as objectionable, no objections were made to its admission. There is ample additional evidence, however, to support the findings of the trial court that the termination was in the best interests of the child. Some people are not fit parents. This is a perfect example.
AFFIRMED.
GRIFFIN, J., concurs in result only.
W. SHARP, J., concurs specially with opinion.
W. SHARP, concurring specially.
I agree this case in which the trial judge terminated the parental rights of K.S., the mother of A.S., a child, should be affirmed. The basis for the termination was K.S.'s failure to substantially comply with her case plan over a long period of timein excess of the twelve months specified, pursuant to section 39.806(1)(e), Florida Statutes (Supp.1998). See M.S. v. Dept. of Children and Families, 765 So.2d 152 (Fla. 1st DCA 2000); M.A.P. v. Dept. of Children and Families, 739 So.2d 1287 (Fla. 5th DCA 1999). The court also found that termination was in the best interest of the child. In the Interest of A.R.S., 617 So.2d 1148 (Fla. 2d DCA 1993). In this case, the child was permanently placed in the custody of her father, her step-mother was waiting in the wings to possibly adopt her, and K.S. had acted in ways to disrupt the child's relationships with her biological father and stepmother.
My problem with this case is that the bulk of the evidence to support the trial judges' findings was presented at trial through documents admitted in evidence (without objection), or through the testimony of witnesses who lacked firsthand knowledge of the facts about which they were testifying. For example, the two case workers for the Department who testified, said K.S. had refused drug screens (a violation of K.S.'s case plan), but admitted one had occurred before the case plan was adopted, and neither were able to document any others from her respective case file. In addition, the Guardian Ad Litem, who strongly recommended termination, testified that she only saw the child with K.S. once, and based her opinion that K.S. acted "inappropriately" with the child A.S., on the guardian's observations of K.S.' interactions with her other children.
Termination of parental rights must be established by clear and convincing evidence. Fla. R. Juv. P. 8.525(1); In re Adoption of Baby E.A.W., 658 So.2d 961 (Fla.1995), cert. denied sub nom, G.W. B. v. J.S.W., 516 U.S. 1051, 116 S.Ct. 719, 133 L.Ed.2d 672 (1996). This is an intermediate level of proof which entails both qualitative and quantitative standards. Dept. of Health and Rehabilitative Services v. M.B., 701 So.2d 1155, 1163 n. 13 (Fla.1997). In general, hearsay testimony (much less hearsay statements in documents) is inadmissible in termination of parental rights cases, and should not be considered by trial courts in reaching their determinations. In re A.C., 751 So.2d 667 (Fla. 2d DCA 2000). However, unless hearsay objections are made below, they are not preserved and thus are waived. In the Interest of J.O., J.M.O., S.O. and E.A., 722 So.2d 939 (Fla. 2d DCA 1998); State v. Anton, 700 So.2d 743 (Fla. 2d DCA 1997); Newman v. State, 676 So.2d 40 (Fla. 3d *1226 DCA 1996). Thus, I conclude there was sufficient clear and convincing evidence (although much was hearsay and secondhand) to support termination of K.S.' parental rights.
The litany of K.S.' defects as a parent vis-a-vis A.S., and failures to complete her case plan, are lengthy. However, the reason d'etre for her actions was clearly her alcoholism, her inability to overcome and deal with it, and the complete absence of any showing or hope that she would do so in the future.[1] In fact, K.S. failed (without explanation) to appear at the trial in this case, and was not available to assist her attorney in preparing her case. Although medical experts agree that alcoholism is a "disease" and may be caused in part by genes,[2] because of its interference with the ability of a "non-recovering" alcoholic to parent a child or to complete a case plan, most courts consider alcoholism sufficient grounds to terminate parental rights. See In the Interest of A.M. and C.M., 601 N.W.2d 253 (N.D.1999); In re Custody and Parental Rights of P.M., 291 Mont. 297, 967 P.2d 792 (1998); In re Tinisha P., 697 A.2d 622 (R.I.1997); In the Interest of J.K., 495 N.W.2d 108 (Iowa 1993); In the Interest of K.D.J., 163 Wis.2d 90, 470 N.W.2d 914 (1991); Nancy Viola R. v. Randolph W., 177 W.Va. 710, 356 S.E.2d 464 (1987); In the Matter of J.W., 921 P.2d 604 (Alaska 1996). Loss of a child is one of the harsher results of alcoholism, as this case illustrates.
NOTES
[1] Compare, In re Interest of G., Children, 592 So.2d 778 (Fla. 4th DCA 1992).
[2] Peele, Stoufin, "Second Thoughts about a Gene For Alcoholism" The Atlantic Monthly, Aug. 1990 at 52-58; Blum, Kenneth and Noble, Ernest, Journal of the American Medical Assoc., April 18, 1990.