# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-1996
_____

D.W., Father of M.W., G.W.,
G.W., and D.W., Minor Children,

    Appellant,

    v.

DEPARTMENT OF CHILDREN AND
FAMILIES,

    Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
David Oberliesen, Judge.

July 8, 2024

PER CURIAM.

D.W., father of four minor children, appeals the trial court's order terminating his parental rights based on three grounds. We affirm for the reasons outlined below.

In February of 2021, D.W.'s children were sheltered and subsequently adjudicated dependent following a domestic violence incident. The petition to shelter alleged the children were subject to abuse and neglect by Father. The court accepted a case plan with the goal of reunification. In December of 2022, the Department filed a petition to terminate D.W.'s parental rights. In the twenty-two months between the children's shelter and the

filing of the petition, D.W.'s visitation remained supervised due to failure to comply with the case plan and the children's regressive behavior. The trial court held an adjudicatory hearing. It found that the Department had established by clear and convincing evidence that D.W. had abandoned his children, chronically abused his children, and failed to substantially comply with the case plan. The trial court issued a final order terminating D.W.'s parental rights. D.W. now appeals.

Termination of parental rights requires the Department to prove by clear and convincing evidence one of the grounds listed in section 39.806, Florida Statutes. After the trial court finds that the Department has met its burden, an appellate court reviews the trial court's findings to determine if they are supported by competent, substantial evidence. *N.L. v. Dep't of Child. & Fam. Servs.*, 843 So. 2d 996, 1000 (Fla. 1st DCA 2003). Under our "highly deferential" standard, a trial court's "finding that evidence is clear and convincing enjoys a presumption of correctness and will not be overturned on appeal unless clearly erroneous or lacking in evidentiary support." *S.C. v. Dep't of Child. & Fam.*, 311 So. 3d 971, 972 (Fla. 1st DCA 2020) (quoting *N.L. v. Dep't of Child. & Fam. Servs.*, 843 So. 2d 996, 999 (Fla. 1st DCA 2003)).

As to abandonment, the trial court found D.W. did not make any significant contributions to the children's care and maintenance, nor did he establish and maintain a substantial positive relationship with them. During the time the children were adjudicated dependent, Father provided only token gifts, supervised visits had to be further restricted due to the children's regressive behavior, and Father had only two or three phone calls with one child.

As to chronic abuse, the oldest child testified that before the children were sheltered, he was frequently beaten with fists, a wooden board, and metal so his parents could "let out their anger." He was frequently locked out of the house all day and at night, and he and his siblings were frequently locked in their rooms for hours. Testimony revealed that all the children suffered from significant behavioral issues and needed therapy.

As to case plan noncompliance, D.W. admits he did not complete additional counseling, complete an additional parenting

2

class, or complete child and parent psychotherapy. The case plan goal date was extended several times in order to give D.W. more time to comply. The court found that the Department made reasonable efforts to assist D.W. with complying with the case plan. Still, at every hearing, the court found D.W. had not reached substantial compliance.

This Court affirms a termination order if the evidence supports at least one of the grounds listed in section 39.806, Florida Statutes. *See, e.g.*, *M.S. v. Dep't of Child. & Fam.*, 765 So. 2d 152, 153 (Fla. 1st DCA 2000). We find that the trial court's findings as to all three grounds are supported by competent, substantial evidence and are not otherwise clearly erroneous.

AFFIRMED.

OSTERHAUS, C.J., and ROWE and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jason Cobb, Defuniak Springs, for Appellant.

Sara J. Rumph, Appellate Counsel, Children's Legal Services, for Department of Children and Families.

Sara E. Goldfarb, Statewide Director of Appeals, and Caitlin E. Burke, Senior Attorney, Appellate Division, Guardian ad Litem, Tallahassee, and Allison J. McCabe, Guardian ad Litem, Port Orange, for M.W., G.W., G.W., and D.W.